## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEYSI MAGAGNOLI, parent and natural guardian of LUCA MAGANOLI, a minor, and in her own right, and LORENZO MAGAGNOLI, | : |
| | : |
| | : |
| | : |
| | : |
| Plaintiffs, | :   CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| WEGMANS ALLENTOWN, WEGMANS FOOD MARKETS, INC., BIRD BRAIN, INC., BIRD BRAIN AIR, LLC and ELIZABETH MAROUCHOC, | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |

## <u>NOTICE OF REMOVAL</u>

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

      United States District Court for the Eastern District of Pennsylvania
      United States Courthouse
      601 Market Street
      Philadelphia, PA  19106

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wegmans Food Markets, Inc., also improperly designated as Wegmans Allentown ("Wegmans"), by and through its undersigned counsel, hereby gives notice of removal of this action from the Court of Common Pleas for Philadelphia County, Pennsylvania, Civil Law Division, where it is pending as Case No. 140800985, to the United States District Court for the Eastern District of Pennsylvania.  As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and based on the discovery to date, Defendant Elizabeth Marouchoc was fraudulently

joined to defeat this Court's diversity jurisdiction.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In support of removal, Defendants aver:

## THE STATE COURT ACTION

1.      Plaintiff, Neysi Magagnoli, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Complaint ¶ 1, attached hereto as Exhibit A.)

2.      Plaintiff Neysi Magagnoli is the parent and natural guardian of minor Luca Magagnoli, who is a resident of the Commonwealth of Pennsylvania, residing at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Ex. A, Compl. ¶ 2.)

3.      Plaintiff, Lorenzo Magagnoli, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Ex. A, Compl. ¶ 3.)

4.      Plaintiff filed the Complaint on August 8, 2014 against Wegmans, Bird Brain, Inc., Bird Brain Air, LLC, and Elizabeth Marouchoc.

5.      Plaintiffs' Complaint arises out of injuries allegedly sustained by Neysi Magagnoli and Luca Magagnoli on August 10, 2012, when Plaintiffs were using a firepot and fuel gel at their home in Schnecksville, Pennsylvania.  (Ex. A ¶¶ 25-29.)

6.      Plaintiffs Neysi Magagnoli and Luca Magagnoli allege that the purportedly defective firepot and fuel gel were manufactured, sold, and distributed by Bird Brain Defendants. (Ex. A, Counts 3-4, 8-9.)  Plaintiffs Neysi Magagnoli and Luca Magagnoli further allege that the purportedly defective firepot and fuel gel were sold, supplied, and distributed by Wegmans.  (Ex. A, Counts 1-2, 6-7.)  Plaintiffs bring multiple causes of action against Wegmans and Bird Brain Defendants, including negligence and strict product liability.

7.      Plaintiffs Neysi Magagnoli and Luca Magagnoli also bring negligence causes of action against Elizabeth Marouchoc.  (Ex. A, Counts 5, 10.)  Ms. Marouchoc allegedly bought the fire pot at Wegmans on May 18, 2011 and gave it to the Magagnolis as housewarming gift on May 21, 2011.  The Incident occurred on August 10, 2012.

## DIVERSITY JURISDICTION

8.      Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States."

9.      This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

10.     Plaintiffs' verified Complaint declares that Plaintiff Neysi Magagnoli is an adult individual who resides at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Ex. A, Compl. ¶ 1.)  Plaintiff is therefore a citizen of the Commonwealth of Pennsylvania.

11.     Plaintiffs' verified Complaint declares that Plaintiff Neysi Magagnoli is the parent and natural guardian of Luca Magagnoli, a minor, who resides with his parents at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Ex. A, Compl. ¶ 2.)  Minor Luca Magagnoli is therefore a citizen of the Commonwealth of Pennsylvania.

12.     Plaintiffs' verified Complaint declares that Plaintiff Lorenzo Magagnoli is an adult individual who resides at 5312 Carriage Path Drive, Schnecksville, Pennsylvania 18078.  (Ex. A, Compl. ¶ 3.)   Lorenzo Magagnoli is therefore a citizen of the Commonwealth of Pennsylvania.

13.     As all three Plaintiffs reside at 5312 Carriage Path Drive in Schnecksville, Pennsylvania, all Plaintiffs are therefore citizens of the Commonwealth of Pennsylvania.

14.     A corporation is a citizen of the state in which it is incorporated and in which it maintains its principle place of business.  28 U.S.C. § 1332(c).

15.     At all relevant times, Wegmans Food Markets, Inc. was and is a New York corporation with its principal place of business at 1500 Brooks Avenue, Rochester, New York 14624.  Therefore, for diversity citizenship purposes, Wegmans Food Markets, Inc. is a citizen of the State of New York.

16.     Wegmans Allentown is not an existing legal entity and therefore has no principal place of business or place of incorporation.  (Affidavit of Stephen Van Arsdale[1] ¶¶ 4-5, Aug. 29, 2014, attached hereto as Exhibit B.)  Citizenship of a non-existent legal entity is not considered for purposes of complete diversity of citizenship.  Davis v. OneBeacon Ins. Grp., 721 F. Supp. 2d 329, 337 (D.N.J. 2010).  Therefore, alleged citizenship of Wegmans Allentown is not considered for diversity jurisdiction purposes.  See id.

17.     Similarly, Bird Brain Air, LLC is a "nonexistent corporation that never operated." (Dep. of Christine King[2] 7:24-8:3, Feb. 18, 2015, attached hereto as Exhibit C.)  Moreover, Bird Brain Air, LLC filed a Certificate of Dissolution on September 15, 2010 (two years prior to the alleged incident), which was endorsed by the State of Michigan on the same date.  (See Cert. of Dissolution and Filing Endorsement, attached hereto as Exhibit D.)  Citizenship of a non-existent legal entity is not considered for purposes of complete diversity of citizenship.  Davis, 721 F. Supp. 2d at 337.  Therefore, alleged citizenship of Bird Brain Air, LLC is not considered for diversity jurisdiction purposes.  See id.

---

[1]     Stephen Van Arsdale is Vice President and Assistant General Counsel of Wegmans Food Markets, Inc. (Arsdale Aff. ¶ 1.)

[2]     Christine King was Bird Brain, Inc.'s CEO.  (Ex. C, King Dep. 5:23-25.)

18.     At all relevant times, Bird Brain, Inc. was and is a Michigan corporation with its principal place of business in 52 East Cross Street, Ypsilanti, Michigan 48198.[3]  (Ex. C, King Dep. 5:21-22.)  Therefore, for diversity citizenship purposes, Bird Brain, Inc. is a citizen of the State of Michigan.

19.     According to the Complaint, Defendant Elizabeth Marouchoc is an adult individual and resident of the Commonwealth of Pennsylvania residing at 803 Center Street, Jim Thorpe, Pennsylvania 18229.  (Ex. A, Compl. ¶ 18.)  Therefore, for diversity purposes, Elizabeth Marouchoc is a citizen of the Commonwealth of Pennsylvania.[4]

20.     Complete diversity exists where Plaintiffs are citizens of the Commonwealth of Pennsylvania, Wegmans Food Markets, Inc. is a citizen of the State of New York, and Bird Brain, Inc., is a citizen of the State of Michigan.

21.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

22.     The sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A)(ii).

23.     Plaintiffs' Complaint alleges that Neysi Magagnoli and Lorenzo Magagnoli **each** seek damages against Defendants individually and jointly in excess of $50,000.00, "including delay damages, pursuant to Pa. R.C.P. 238, interest and allowable costs of suit."  (Ex. A, Wherefore Clause Counts 1-13.)  Plaintiff Neysi Magagnoli seeks an amount in excess of

---

[3]     Bird Brain, Inc. ceased operations in June of 2012.  (Ex. C, King Dep. 9:14-10:8.)

[4]     As explained *infra* at pages 6-10, Marouchoc's citizenship should not be considered when this Court is deciding whether it has jurisdiction to hear this case under 28 U.S.C. § 1332(a) because Marouchoc was fraudulently joined to defeat removal.

$50,000.00 from each defendant individually and from all Defendants jointly.  Similarly, Plaintiff Lorenzo Magagnoli seeks an amount in excess of $50,000.00 from all Defendants jointly.

24.     Based on Plaintiffs' allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

25.     Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

26.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

27.     Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  Id. § 1441(b).

**A.     Elizabeth Marouchoc Was Wrongfully and Fraudulently Joined for the Sole Purpose of Defeating this Court's Diversity Jurisdiction.**

28.     Marouchoc was wrongfully and fraudulently joined as a Defendant for the sole purpose of attempting to deprive Wegmans and Bird Brain, Inc. of their rights, as non-citizens of the Commonwealth of Pennsylvania, to remove this case to federal court.

29.     It is black letter law that the right of removal cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy.  Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).  Indeed, "[f]ederal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right."  Brown v.

JEVIC, 575 F.3d 322, 326 (3d Cir. 2009) (citing Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 186 (1907)).  If a party is fraudulently joined to defeat a federal court's diversity jurisdiction, then the party may be dismissed and its citizenship ignored for the purposes of determining removal jurisdiction.  Kimmet v. Mannesmann Dematic Rapistan Sys. Corp., No. 00-1247, 2000 U.S. Dist. LEXIS 8712, at *7 (E.D. Pa. June 26, 2000).

30.     The court looks beyond the allegations in the complaint to assess whether a defendant was fraudulently joined.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985).  Defendants may support their notice of removal with "evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts, in defendant[s'] attempt to satisfy [their] burden of establishing fraudulent joinder."  Yellen v. Teledyne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011).

31.     Joinder is fraudulent and removal is permitted "where there is no reasonable basis in fact or colorable grounds supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  If there is a possibility that a state court would find that the complaint states a cause of action against a resident defendant, the federal court should remand the case to state court.  See id.

32.     Such is not the case here.  There is no reasonable or colorable basis in fact or law to support a claim against Marouchoc.  Plaintiffs allege that Marouchoc was negligent in purchasing the firepot and firepot fuel gel without ensuring all proper warnings were included and without packaging, for failing to warn Plaintiffs of the dangers associated with the firepot and/or firepot fuel gel, and for failing to warn of the method of preventing a fire or extinguishing a fire caused by the fuel gel.  (Ex. A, Compl. ¶¶ 66, 95.)  Yet, it is clear from Marouchoc's sworn

deposition testimony that she was merely a consumer without any specialized knowledge of firepots or firepot fuel gel who came across the fire pots while shopping at Wegmans and purchased one as a gift for Plaintiffs.  She placed the purchased item in a gift bag and gave it to Plaintiffs 3 days later without altering or tampering with them in any way.

33.     At her deposition, Marouchoc confirmed that she had no experience, knowledge, or expertise regarding firepots or fuel gel.  (Dep. of Elizabeth Marouchoc p. 79:14-23, attached hereto as Exhibit E.)  Marouchoc was not responsible for and did not participate in the design, manufacture, sale, or distribution of the firepot or firepot fuel gel.  (Ex. E, Marouchoc Dep. 79:14-80:2.)  She had never used or operated a fire pot.  Marouchoc merely saw the firepot and fuel gel on a display stand while shopping at Wegmans and thought it would be a nice gift for the Plaintiffs.  (Ex. E, Marouchoc Dep. pp. 25:4-9; 35:18-20.)

34.     Marouchoc did not alter or tamper with the firepot or firepot fuel gel in the three days she held it before gifting it to Plaintiffs.  Indeed, Marouchoc merely placed the gifts "as is" in a gift bag.  (Ex. E, Marouchoc Dep. pp. 32:24-33:1.)  Marouchoc confirmed that the firepot did not come in a box, and was not sure whether any wrappings or specific warnings were around the firepot.  (Ex. E, Marouchoc Dep. pp. 22:17-19; 25:14-17.)  Marouchoc merely purchased the firepot and fuel gel and placed them without any alteration into a gift bag.

35.     In addition, Marouchoc did not speak with Plaintiffs about the firepot or fuel gel and Plaintiff never discussed the gift with Marouchoc.  Indeed, Marouchoc placed the gift with several other housewarming gifts the day of the party, and she does not believe Plaintiffs were even aware that day that she gifted them a fire pot. (Ex. E, Marouchoc Dep. pp. 36:15-17, 23-25.)

36.     Marouchoc interacted with Plaintiff over the next 15 months at Plaintiff's hair salon.  At no time did Mr. Magagnoli discuss or mention the fire pot.  Marouchoc confirmed that she was not aware of any dangers associated with the use of either the fuel gel or the firepot.  (Ex. E, Marouchoc Dep. p. 45:12-16.)  At no time in the 15 months from when she gifted the product to Plaintiffs until the day of the incident (August 2012) did Marouchoc ever become aware of any alerts or warnings regarding the firepot or the fuel gel.  (Ex. E, Marouchoc Dep. p. 48:12-23.)

37.     Marouchoc never had any discussions with Plaintiffs about the use or safety of the firepot or fuel gel, including how to fuel the firepot, light it, refuel it, or extinguish it.  (Ex. E, Marouchoc Dep. p. 67:7-20.)  The first time that Marouchoc spoke to Plaintiffs about the firepot and/or fuel gel was when Plaintiff Lorenzo Magagnoli informed her that there had been an incident at his home.  (Ex. E, Marouchoc Dep. p. 50:7-11.)

38.     Importantly, during her deposition, Marouchoc was shown photographs of the subject firepot that allegedly caused Plaintiffs' injuries and she ***denied*** gifting the fire pot depicted in the photograph.  (Ex. E, Marouchoc Dep. p. 28:1-10; Photographs of the Firepot, attached hereto as Exhibit F.)  Marouchoc also denied purchasing the exemplar fuel gel container that Plaintiffs have in their possession.  (Ex. E. Marouchoc Dep. p. 30:1-9.)  This discrepancy has never been explained by Plaintiffs.

39.     Finally, for almost a year after the incident, Marouchoc voluntarily cooperated with Plaintiffs and their attorney to identify the product she purchased at Wegmans and met with Plaintiffs and their attorney multiple times, providing them with purchase documentation.  At no time did Plaintiffs ever indicate that they planned to sue Marouchoc for unwittingly gifting them with an allegedly faulty product.  (Ex. E, Marouchoc Dep. 65:5-19.)

40.     Plaintiffs have alleged one count negligence against Marouchoc, simply on the basis that Marouchoc purportedly gave Plaintiffs a gift without proper warnings.  It is clear from Marouchoc's deposition testimony, however, that Marouchoc gave Plaintiffs the gifts without any alterations or tampering, and the gifts were exactly as Marouchoc had purchased them. Marouchoc did nothing more than give a gift.   She had no knowledge or experience to even assess what would be an appropriate warning or label.

41.     Plaintiffs set forth an absurd, boilerplate allegation that Marouchoc was negligent simply because she bought a gift at Wegmans.  This has never been an actionable claim under Pennsylvania law.  See, e.g., Rigby v. Suburban Rendco, Inc., 548 F. Supp. 202, 204 (D. Del. 1982) (explaining that a gratuitous bailor would only have a limited duty to warn of any defects *of which it has knowledge* at the time of transfer); Hubschman v. Antilles Airboats, Inc., 440 F. Supp. 828, 857 (D.V.I. 1977) (explaining that liability does not impinge upon defendant who was not a seller or manufacturer who did not know of any defects at the time chattel was given).

42.     It is undisputed that Marouchoc had no knowledge of any defects in the firepot or fuel gel at any time prior to speaking with Lorenzo Magagnoli after the alleged incident.  At the time she gave the firepot and fuel gel to Plaintiffs, Marouchoc had not duty to warn of any defects in the products *because the evidence is clear that she had no knowledge of any supposed defects in the products*.  She was unfamiliar with the product.  She came across it for the first time the day she bought it.  She did not research it or read about it, either before she bought it, or after she gave it to the Plaintiffs.  She had no reason at all to believe it was dangerous to warrant any conversation with Plaintiff about the use and safety of the product.  As such, there is no possibility that a Pennsylvania state court would find a cause of action against Marouchoc.

43.     From the Complaint and Marouchoc's sworn deposition testimony, there is no reasonable basis in fact or colorable grounds to support a claim against Marouchoc.  Therefore, this Court should dismiss Marouchoc and/or ignore her citizenship in determining removal jurisdiction.

44.     Since all parties are diverse and because Marouchoc's citizenship cannot be counted, this action is removable.

45.     There is, moreover, no real intention in good faith to prosecute the action against Marouchoc or to seek a joint judgment.  For over a year after Marouchoc heard about the alleged incident, Plaintiffs never indicated an intent to pursue any action against Marouchoc.  Plaintiffs have sued two corporations under strict liability and negligence theories – Marouchoc was but an afterthought to defeat diversity.   This smacks of fraudulent joinder.   Indeed, given the unequivocal and unchallenged sworn testimony from Marouchoc, Plaintiff may very be treading into Rule 11 territory should they argue that there are facts at issue in this case to suggest negligent conduct by Marouchoc.  There are no such facts and no recognized legal theory to support a claim against Marouchoc.  This Court should not condone such gamesmanship and should dismiss Marouchoc from the suit and remove this action to federal court.  See Wecker, 204 U.S. at 186.

**B.      Removal to this Court Is Proper and Timely.**

46.     The Eastern District of Pennsylvania is the proper district court to hear the instant suit.  Plaintiff filed this action in the Court of Common Pleas of Philadelphia County.  The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed.  See 28 U.S.C. §§ 1441(a), 1446(a).

47.     Under Section 1446(b), the notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b).

48.     After extensive discussions between the parties regarding voluntary dismissal of Marouchoc, and Plaintiff's counsel unwillingness to dismiss Marouchoc without a rational explanation, ***other than it would create diversity***, the parties deposed Marouchoc on June 2, 2015 for the purpose of determining the extent of her alleged liability in this matter.  (<u>See</u> Correspondence between counsel, attached hereto as Exhibit G.)  Each of the boilerplate allegations were addressed with Marouchoc.  Given her deposition testimony, it is now clear that Plaintiffs never seriously contemplated Marouchoc as a defendant and, moreover, that Marouchoc had no liability under Pennsylvania law.  This June 2, 2015 deposition represents a document under which it may be first ascertained that this case is one which has become removable, as Marouchoc's sworn testimony therein highlights that Marouchoc was fraudulently joined to defeat diversity.

49.     All Defendants are filing this notice within thirty (30) days of the date of the deposition pursuant to 28 U.S.C. § 1446(b)(3).  Therefore, this removal is timely because 30 days have not elapsed from the date of the deposition.

50.     Pursuant to Section 1446(b)(2)(A), all Defendants[5] have consented to removal. (<u>See</u> Consent to Removal, attached hereto as Exhibit H.)

51.     Further pursuant to Section 1446(a), Wegmans is simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every

---

[5]      Although Wegmans maintains that Elizabeth Marouchoc was fraudulently joined to defeat diversity, Wegmans nevertheless obtained consent for removal from her counsel as a precautionary measure.

kind existing on file in the Court of Common Pleas of Philadelphia County in this removed action.

52.     Additionally, Wegmans is filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Philadelphia County.  <u>See</u> 28 U.S.C. § 1446(d).

53.     Wegmans reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant Wegmans Food Markets, Inc., also improperly designated as Wegmans Allentown, hereby removes this action now pending against it in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

BY:   __*/s/ Paul K. Leary, Jr.*_____
      Paul K. Leary, Jr., Esq.
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665-2000
      pleary@cozen.com

      *Attorneys for Defendant*
      *Wegmans Food Markets, Inc.,*
      *also improperly designated as*
      *Wegmans Allentown*

Dated:  June 16, 2015

## <u>CERTIFICATE OF SERVICE</u>

I, Paul K. Leary, Jr., Esquire, attorney for Wegmans Food Markets, Inc., also improperly designated as Wegmans Allentown, hereby certify that a copy of the foregoing Notice of Removal was served upon all counsel of record and unrepresented parties via first-class mail, postage prepaid, on June 16, 2015, addressed as follows:

David L. Kwass, Esquire
SALTZ MONGELUZZI BARRETT & BENDESKY
1650 Market Street
Philadelphia, Pennsylvania 19103
*Attorneys for Plaintiffs*

Francis R. Gartner
Attorney at Law
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
*Attorneys for Elizabeth Marouchoc*

Christine King
Bird Brain, Inc.
birdbraininc@outlook.com

       ___*/s/ Paul K. Leary, Jr.*_____
       Paul K. Leary, Jr., Esq.